UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>            Plaintiff,<br><br>    v.<br><br>HERMAN AND HELENS MARINA, et al.,<br><br>            Defendants. | No.  2:16-cv-0803 KJM CKD PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

   This action was removed from state court.  Removal jurisdiction statutes are strictly construed against removal.  See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992).  The party invoking removal bears the burden of establishing federal jurisdiction.  Hunter v. Philip Morris USA, 582 F.3d 1039 (9th Cir. 2009).  Where it appears the district court lacks subject matter jurisdiction, the case shall be remanded.  28 U.S.C. § 1447(c).

   In conclusory fashion, the removal petition alleges the complaint is subject to federal question jurisdiction because the causes of action fall under the Clean Water Act.  Removal based on federal question jurisdiction is proper only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  Caterpillar Inc. v. Williams, 482 U.S. 386, 392

1  (1987).  However, the exhibits attached to the removal petition establish the state court action
2  alleges claims only under state law.  Defendant has failed to meet his burden of establishing
3  federal jurisdiction and the matter should therefore be remanded.  See generally Singer v. State
4  Farm Mutual Automobile Insurance Co., 116 F.3d 373, 375-376 (9th Cir. 1997).[1]

5       Accordingly, IT IS HEREBY ORDERED that this action is stayed pending resolution by
6  the District Court of the herein findings and recommendations; and

7       IT IS HEREBY RECOMMENDED that the above-entitled action be summarily remanded
8  to the Superior Court of California, County of San Joaquin.

9       These findings and recommendations are submitted to the United States District Judge
10  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
11  after being served with these findings and recommendations, any party may file written
12  objections with the court and serve a copy on all parties.  Such a document should be captioned
13  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
14  shall be served and filed within seven days after service of the objections.  The parties are advised
15  that failure to file objections within the specified time may waive the right to appeal the District
16  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17  Dated:  April 22, 2016

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

20  4 cal-hermarina0803.rem

---

[1] In addition, the notice of removal is defective in that all defendants who have been served have not joined in the petition for removal.  See 28 U.S.C. § 1446(b)(2)(A).