UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                Plaintiff,<br><br>        v.<br><br>HERMAN AND HELEN'S MARINA, et. al.,<br><br>                Defendants. | No.  2:16-cv-00803-KJM-CKD<br><br><br>ORDER |

        This matter is before the court on defendant Charles Spurlock's motion to amend the court's judgment adopting in full the magistrate judge's recommendations and remanding this case to the Superior Court of California for San Joaquin County. *See* Order 2, ECF No. 25; F&Rs 2, ECF No. 5.  For the reasons explained below, this court DENIES defendant's motion to amend the court's judgment.

I.      <u>LEGAL STANDARD</u>

        Defendant's motion relies on Federal Rule of Civil Procedure 59(e) and Rule 60 (b)(6).  ECF No. 26 at 2.

/////

1

A.    Rule 59(e)

Rule 59(e) provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  Here, defendant filed his motion fourteen days after the court's entry of judgment. *See* ECF No. 26.

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations and quotations omitted).  The burden on the moving party is high. *See, e.g., Sec. and Exch. Comm'n v. Pattison*, 2011 U.S. Dist. LEXIS 61922, at *4–5 (N.D. Cal. Jun. 9, 2011).  The Ninth Circuit has articulated four grounds upon which a Rule 59(e) motion may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  The Rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal citation omitted).

B.    Rule 60(b)

Rule 60(b) enumerates six grounds under which a court may relieve a party from a final judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  For the "any other reason" catchall portion of the rule, extraordinary circumstances are required to justify relief.  *See Ackermann v. U.S.*, 340 U.S. 193, 202 (1950) ("Neither the circumstances of petitioner nor his excuse for not appealing is so extraordinary as to bring him within ... Rule 60(b)(6)."); *see also* 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 2857 (3d ed. 2013) (" '[E]xtraordinary circumstances' should only be required under catchall clause (6) of the rule.").

II.  <u>DISCUSSION</u>

    In its removal petition, defendant alleged the court had jurisdiction because: (1) there was admiralty jurisdiction, and (2) the claims in the complaint fall under the Clean Water Act.  Not. Remov. 2, ECF No. 1.

    The magistrate judge concluded defendant had alleged "in conclusory fashion" that plaintiff's complaint is subject to federal question jurisdiction because the claims fall under the federal Clean Water Act.  F&Rs at 1.  She found the plaintiff's complaint, however, did not present a federal question, and defendant's exhibits attached to the petition established the state court action alleged claims only under state law.  *Id.* at 2.

    Here, defendant again argues the court has admiralty jurisdiction and plaintiff's claims fall under the Clean Water Act.  Mot. 2–6.  Defendant adds a further argument, contending the federal Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), which regulates the cleanup of hazardous substances, provides "exclusive" original jurisdiction over plaintiff's case.

    Regarding the first two arguments, defendant's attempt to relitigate old matters does not warrant amending the judgment.  *Exxon*, 554 U.S. 471 at 485 n.5.  As to the new third argument, assuming without deciding that defendant could not have presented this argument in its removal petition, defendant contends now and only in conclusory fashion that plaintiff's

complaint "falls within the boundaries of CERCLA and concerns that statute's goals." *See* Mot. at 5–6. Defendant has not presented any grounds warranting reconsideration or amendment.

Additionally, defendant does not specify what grounds justify relief from judgement, and the court finds no "extraordinary circumstances" to otherwise justify relief. *Ackermann v. U.S.*, 340 U.S. at 202.

III.     CONCLUSION

Based on the forgoing, the court DENIES defendant's motion to amend the court's judgment.

This resolves ECF No. 26.

IT IS SO ORDERED.

DATED: January 13, 2017.

UNITED STATES DISTRICT JUDGE